BILL L. LAWRENCE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lawrence v. Commissioner
Docket No. 8773-87
United States Tax Court
T.C. Memo 1988-330; 1988 Tax Ct. Memo LEXIS 358; 55 T.C.M. (CCH) 1373; T.C.M. (RIA) 88330; July 27, 1988
Bill L. Lawrence, pro se. Cheryl B. Harris, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined deficiencies in petitioner's Federal income tax and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a) [1]
Sec. 6653(a)(1)
Sec. 6653(a)(2)
1982
$ 40,933.00
$ 10,233.00
$ 2,047.00
*
1983
1,752.00
350.00
88.00
*
Year
Sec. 6654
Sec. 6661
1982
3,985.00
$ 1,233.25
1983
107.00
--
*359 The above-docketed case was called for trial in Portland, Oregon, on June 20, 1988, pursuant to prior notice to the parties. Petitioner did not appear. In his petition, petitioner asserted that he had not been afforded a meaningful administrative hearing and that therefore this Court lacked jurisdiction over the case. Aside from the fact that the record herein indicates that petitioner was afforded numerous opportunities to present his case at the administrative level of which he failed to avail himself, there is no requirement that a taxpayer be afforded an administrative hearing before the issuance of a notice of deficiency. ; . See also , affg. a Memorandum Opinion of this Court. In a document entitled "Affidavit of Revocation and Rescission," petitioner also asserts that his signing and filing of tax returns for the years at issue were not voluntary, that he is not a "taxpayer" as defined in the Internal Revenue Code, or a "person liable" for *360 any Internal Revenue tax, or a "person" subject to the provisions of the Code. His contentions are totally without merit. ; ; . By order dated June 14, 1988, petitioner was directed to produce to the Court a summary of the evidence he would present at trial together with copies of any written material he would offer at trial in respect of the substantive tax issues raised by the notice of deficiency. The order notified petitioner that he had the burden of proof on these issues, see Rule 142(a), and that, if he did not comply with the Court's order, the Court intended to dismiss the case for failure properly to prosecute. [2] Petitioner failed to file any such summary or otherwise to inform the Court as to these matters. Under the foregoing circumstances, we dismiss the case *361 for failure properly to prosecute. , affg. per curiam an unreported order of this Court. We next deal with the question of whether damages should be awarded under section 6673. Petitioner was warned that such damages might be awarded by the Court's order, dated June 3, 1988, and by respondent in a letter to petitioner dated December 14, 1987. We think it clear that the contentions of petitioner as set forth in his petition and his Affidavit of Revocation and Rescission are "frivolous or groundless" within the meaning of section 6673. Accordingly, we hold that the United States is entitled an award in the amount of $ 5,000. . Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
*. 50 percent of the interest computed on the portion of the underpayment caused by negligence or intentional disregard of rules and regulations. ↩
2. Petitioner had also been warned by the notice of trial and the memorandum accompanying the notice of trial that such action might result if he failed to comply with Rule 91(a). ↩